UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRICK WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-847-JD-APR |
| GALLIPOU, | |
| Defendant. | |

OPINION AND ORDER

Darrick Williams, a prisoner without a lawyer, suffered severe injuries after he fainted and landed on an exposed steam pipe at Westville Correctional Facility. He sues Warden Gallipou to receive damages for his injury, but the complaint does not plausibly allege the injuries were the result of deliberate indifference on the part of the warden. ECF 1. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Williams alleges that on March 31, 2023, he suddenly fainted and fell on an exposed steam pipe at the back of a cell located on D2E. He received a second degree burn on the right side of his face and third degree burns on his right arm. He ended up

needing two major surgeries and physical therapy to regain mobility and strength in that arm. He explains that the steam pipe is part of the heating system. At one point, the pipe was covered, but maintenance removed the cover. Williams sues Warden Galipou for violating his Eighth Amendment right to a safe and clean facility, resulting in him being severely injured and permanently disfigured.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In this case, the objective prong requires Williams to plausibly allege that the exposed steam pipe presented a substantial risk, a risk "so great that [it is] almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (internal quotation marks and citation omitted). On the subjective prong, Williams must show that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.* "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Here, there are no facts alleged to suggest that the exposed steam pipe presented an objectively substantial risk of harm. It appears the severe burns happened because Williams fainted and had prolonged contact with the pipe while he was unconscious. There are no facts alleged to suggest the steam pipe, by itself, was dangerous, absent the added circumstance of Williams fainting. Thus, Williams has not plausibly alleged that the exposed pipe presented a substantial risk of harm. In addition, he does not allege that Warden Gallipou had the subjective knowledge of the risk needed to hold him liable for damages. The Warden cannot be held liable for everything that goes on in the facility just because he is in charge. *Chavez v. Ill State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("*respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." (quotation marks omitted)). Williams provides no facts that the Warden was aware of the exposed pipe or that it presented a substantial risk of harm.

This complaint does not state a claim for which relief can be granted. If Williams believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

3

For these reasons, the court:

(1) GRANTS Darrick Williams until **April 17, 2024**, to file an amended complaint; and

(2) CAUTIONS Darrick Williams if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 13, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4