UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRICK WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, <br><br> Defendant. | CAUSE NO. 3:23-CV-847-CCB-APR |

### OPINION AND ORDER

Darrick Williams, a prisoner without a lawyer, filed an amended complaint. (ECF 59.) This is Williams' fourth attempt to state his claims. (*See* ECF 1, 8, 24.) The court determined that his original complaint did not state a claim for relief and was subject to dismissal under 28 U.S.C. § 1915A, but gave him an opportunity to replead before the case was dismissed.[1] (ECF 6.) He then obtained counsel, who filed an amended complaint on his behalf asserting claims against John Galipeau, the Warden of Westville Correctional Facility (WCF). (ECF 8, 9.) After being served with the amended complaint, Warden Galipeau moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 19.) Williams, through counsel, responded by filing a second amended complaint against Warden Galipeau and additional defendants. (ECF 24.) The court subsequently determined that this pleading did not state a plausible claim against any

---

[1] At that time, the case was assigned to the Honorable Jon E. DeGuilio. (ECF 6.) The case was reassigned to this court in August 2024. (ECF 30.)

defendant. (ECF 40.) The motion to dismiss was granted, but Williams was given one final opportunity to replead before the case was dismissed with prejudice. (ECF 40, 42.)

Thereafter, Williams' attorney sought and was granted leave to withdraw from the case. (ECF 54, 55.) At Williams' request, he was granted a lengthy extension of nearly four months to prepare a third amended complaint in response to the court's order. (ECF 56, 57.) On November 14, 2025, he filed the present pleading.[2] (ECF 59.) The court notes that Williams did not use the court's approved complaint form for prisoner civil rights cases. *See* N.D. IND. L.R. 7-6 (court can require litigants representing themselves to use clerk-supplied complaint forms). He appears familiar with the form, which is available in his prison's law library, because he used it to prepare his original complaint. (ECF 1.) This has made the task of parsing his allegations somewhat more difficult, but given the number of times he has already amended and the age of this case, the court will proceed to screen his pleading as drafted.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint (ECF 59) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] This pleading supersedes all prior complaints and controls the case from the date of filing. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Williams is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Williams is currently an inmate at Wabash Valley Correctional Facility. His claim stems from events that occurred at WCF when he was an inmate there in 2022 and 2023. He claims that on an unspecified date in October 2022, Warden Galipeau and another prison official walked through his unit and announced that inmates needed to remove all their personal property from the steam pipes in their cells because the heat was about to be turned on. Inmates were instructed that it was a fire and safety hazard to leave any personal items on the pipes, and that correctional staff would be coming through to remove and dispose of any items that were left on the pipes. As far as the complaint reveals, the heat was then turned on without incident.

    Several months later, on a date at the end of March 2023, Williams was feeling hot and went to open his window, when he unexpectedly fainted and fell on the steam pipe located at the back of his cell. He remained unconscious for "an unknown amount of time," and when he regained consciousness he had serious burns on his face and arm from remaining in contact with the steam pipe. He later had to undergo skin graft surgery, which was painful and involved a lengthy recovery.

    The Eighth Amendment Cruel and Unusual Punishment Clause imposes a duty on prison officials to "take reasonable measures to guarantee the safety" of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim, an inmate

must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Rather, the deliberate indifference standard imposes a "high hurdle," requiring something "approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012); *see also Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (describing deliberate indifference standard as "akin to criminal recklessness").

It is unfortunate that Williams was injured, but "failing to provide a maximally safe environment" does not amount to an Eighth Amendment violation. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). Williams has not described conduct by Warden Galipeau approaching criminal recklessness or a total unconcern for his safety. To the contrary, as Williams describes it, the Warden took personal action to try to minimize harm to inmates from the pipes by walking through the unit and announcing that the heat was going to be turned on. Inmates were told to remove all personal items from the pipes, or they would be removed by staff, in order to prevent fires and other safety problems. Although Williams was injured by the pipes several months later, the

4

court cannot plausibly infer that the Warden had actual knowledge Williams was at risk of injuring himself in this unusual manner.

The court finds this materially different from situations where the Seventh Circuit found an inmate to have been exposed to a condition so inherently dangerous that the risk was obvious, such as where a hand-cuffed inmate was forced to walk without assistance down a set of stairs covered with garbage, *Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016), or where an inmate was forced to carry buckets of "scalding" hot water over a wet, uneven floor. *Balle v. Kennedy*, 73 F.4th 545 (7th Cir. 2023). Here, by contrast, Williams lived with the pipes in his cell for nearly the entire winter without incident, and only injured himself after having an unusual accident in the exact spot where the pipes were located. Williams believes the best course would have been for the Warden to contact a maintenance crew or builder to construct a cover for all of the pipes in his unit, but the "mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). The Warden also cannot be held liable for damages simply because he was in charge of operations at the prison at the time of this incident.[3] *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Williams has not stated a plausible Eighth Amendment claim against the Warden.

---

[3] If Williams is trying to sue the Warden for damages in his official capacity, this is the same as bringing a claim against the state itself, and a claim for damages against a state by one of its citizens is barred by the Eleventh Amendment in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Additionally, a claim for injunctive relief related to the pipes would be moot since Williams is no longer incarcerated at WCF. *See Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, the amended complaint does not state a claim for relief. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

As outlined above, Williams has had four opportunities to plead his claims. His current pleading asserts essentially the same allegations as his original complaint. (*See* ECF 1.) The court finds no basis to conclude that if given a fifth opportunity, Williams could assert a plausible constitutional claim based on this incident, consistent with what he has already alleged under penalty of perjury.

For these reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and **DIRECTS** the clerk to close the case.

SO ORDERED on November 19, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT